UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FREDDY S. RUSSO,

    Appellant,

      -v-　　　　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**
　　　　　　　　　　　　　　　　　　　　　　23-CV-08275 (OEM)
WILLMINGTON SAVINGS FUND SOCIETY, FSB,

    Appellee.
-------------------------------------------------------------------X

ORELIA E. MERCHANT, United States District Judge:

    Appellant-Debtor Freddy S. Russo ("Appellant Russo"), proceeding pro se, appeals two orders from the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") in *In re Freddy S. Russo,* 22-41920-ess (Bankr. E.D.N.Y. 2022). Specifically, Appellant Russo appeals the Honorable Elizabeth S. Stong's (1) Order Denying Appellant Russo's Motion to Object to Proof of Claim 2 (filed by Wilmington Savings Fund Society, FSB ("Wilmington")) ("Claim Objection Denial Order"), Bkr. ECF 104, and (2) Order Granting Relief from the Automatic Stay and Co-Debtor Stay ("Stay Relief Order"), Bkr. ECF 124. For the following reasons, the Court affirms both orders.

## BACKGROUND

    The Court assumes the parties' familiarity with the factual and procedural history of the case. Rather than recounting them in full here, the Court summarizes the portions relevant to this appeal.

**A.**　　**Note and Assignment of Mortgage**

    Appellant Russo and his wife Juana F. Russo (together the "Borrowers") own a property located at 73 Meehan Road, Middletown, New York 12455 (the "73 Meehan Road Property").

The Borrowers acquired title to that property through a purchase money mortgage, and executed and delivered a fixed rate note dated February 2, 2004, in the principal amount of $108,000.00 to Wells Fargo Home Mortgage, Inc. ("Wells Fargo Mortgage"). R. 101.[1] Wells Fargo Bank N.A. ("Wells Fargo Bank"), as successor by merger to Wells Fargo Mortgage, duly assigned the mortgage to Wilmington, which was recorded in the Delaware County Clerk's office on March 8, 2017. R. 106. It is undisputed that the Borrowers have defaulted on the mortgage payments due under the note and mortgage terms and that the Borrowers' default has not been cured. R. 107-121.

B.   **Procedural History**

    1.   **State Foreclosure Action as to 73 Meehan Road Property**

As a result of the Borrowers' default, Wells Fargo Bank commenced a mortgage foreclosure action in New York State Supreme Court, Delaware County, on May 13, 2013. *Wells Fargo Bank, N.A. v. Russo et al.*, Index No.: 2013-500; *see* R.28-32. On July 28, 2014, the state court issued a final judgment of foreclosure and sale. R. 107-121.

    2.   **Bankruptcy Court Proceeding**

On August 8, 2022, Russo filed for Chapter 13 bankruptcy protection in the Bankruptcy Court for the Eastern District of New York. *In re Russo,* 22-41920-ess (Bankr. E.D.N.Y.), Bkr. ECF 1. That bankruptcy was ultimately dismissed on February 20, 2024. Order Dismissing Case with Notice of Dismissal, Bkr. ECF 155.

Appellant Russo had previously filed for Chapter 13 bankruptcy in the Eastern District of New York on July 18, 2019 (the "2019 Bankruptcy"), which ultimately discharged Appellant

---

[1] The bankruptcy appeal Record, ECF 3, is referenced herein by the abbreviation "R." All page numbers cited in the Record refer to the Bates stamp in blue at the bottom right corner of each page.

Russo and closed on April 13, 2020. *See In re Russo*, 19-44396-cec (Bankr. E.D.N.Y. 2019), Bkr. ECF 1, 26, 41, 45.

C.      **Underlying Bankruptcy Petition**

      1.      **Proof of Claim 2**

On October 14, 2022, Wilmington filed a proof of claim in the instant bankruptcy case based upon its status as a secured creditor, stating the amount of the claim as $238,773.30. R. 75-78; Proof of Claim 2, Claims Register 2-1. On February 22, 2023, Appellant Russo filed a motion, among other things, "objecting in its entirety [to] the alleged Creditor's (Wilmington Savings) proof of claim." R. 4-39; *see* Bkr. ECF 62. The matter was fully briefed and argued before the Bankruptcy Court on May 15, 2023, and July 10, 2023. *See* Bkr. ECF 62, 93, 95, 99, 101. On August 2, 2023, the Bankruptcy Court denied Appellant Russo's objection to the proof of claim. R. 199-204; *see* Claim Objection Denial Order, Bkr. ECF 104. The Bankruptcy Court ordered in part:

> WHEREAS, the Debtor has not otherwise established a basis for the relief that he seeks in his Motion to Object to Claim 2.
>
> NOW THEREFORE, it is hereby
>
> ORDERED, for the reasons stated herein, and based on the entire record, that the Debtor's Motion to Object to Claim 2 is denied, on grounds that the Debtor has not provided evidence sufficient to overcome the presumption of prima facie validity that has been established by Selene Finance LP under Bankruptcy Rule 3001(d); and it is further
>
> ORDERED, in the alternative, for the reasons stated herein, and based on the entire record, that the Debtor's Motion to Object to Claim 2 is denied, on grounds that under *the Rooker-Feldman* doctrine, it is appropriate for this Court to decline to exercise jurisdiction to review a final judgment entered in the Supreme Court of New York, Delaware County action.

R. 204.

2. **Motion for Stay Relief**

On July 28, 2023, Wilmington filed a motion for relief from the Bankruptcy Code's automatic stay, *see* 11 U.S.C. § 1301, to pursue foreclosure of the 73 Meehan Road Property. Bkr. ECF 103. On September 5, 2023, Appellant Russo objected to Wilmington's stay relief motion, Bkr. ECF 106, Wilmington filed a reply, Bkr. ECF 108, and the Bankruptcy Court held a hearing on September 12, 2023.

On November 16, 2023, the Bankruptcy Court entered an order granting Wilmington's motion for relief from the automatic stay. Stay Relief Order, Bkr. ECF 124. In pertinent part, the Bankruptcy Court found:

> WHEREAS, based on the entire record, the Court finds and concludes that the Movant has established cause for relief from the automatic stay under Bankruptcy Code Section 362(d)(1), on grounds, among others, that the Debtor has not made post-petition mortgage payments, and has not otherwise adequately protected the interests of the Movant and secured creditor, and with good cause appearing therefor [*sic*]; it is hereby
>
> ORDERED, that the automatic stay in effect pursuant to 11 U.S.C. § 362(a), is hereby [] modified pursuant to 11 U.S.C. Section 362(d)(1) and 1301(c), as to Movant, its agents, assigns or successors in interest, so that Movant, its agents, assigns or successors in interest, [] pursue its rights under applicable [] law [] with respect to the Collateral[.]

*Id.* at 1-2.

3. **Appeal of the Claim Objection Denial and Stay Relief Orders**

On November 6, 2023, Appellant Russo filed a Notice of Appeal from the Bankruptcy Court's Proof of Claim 2 Order, and on November 30, 2023, he filed a Notice of Appeal from the Stay Relief Order. *See* Bkr. ECF 115, 127.

On February 21, 2024, Appellant Russo filed his appeal brief in this Court. Brief of Appellant ("App. Br."), ECF 10. Appellant Russo contends that his appeal's "primary focus" is on alleged violation of "federal and bankruptcy rules" by Wilmington and Bankruptcy Court and

that he "seeks redress for these perceived injustices." *Id.* at 3, 17. Wilmington responded in opposition. Brief of Appellee ("Opp. Br."), ECF 11. Russo filed a reply brief. Reply Brief ("Reply Br."), ECF 14.[2]

## STANDARD OF REVIEW

This Court has subject matter jurisdiction to hear bankruptcy appeals pursuant to 28 U.S.C. § 158(a). On an appeal from the bankruptcy court, the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *In re Bernard L. Madoff Inv. Sec., LLC*, 15-CV-1151 (PAE), 2016 WL 183492, at *8 (S.D.N.Y. Jan. 14, 2016), *aff'd*, 697 F. App'x 708 (2d Cir. 2017). A district court "need not agree with every conclusion reached by the Bankruptcy Court and may affirm the decision on any ground supported in the record." *In re Caldor, Inc.-NY*, 199 B.R. 1, 2 (S.D.N.Y. 1996), *aff'd sub nom Virginia Elec. & Power Co. v. Caldor, Inc.-NY*, 117 F.3d 646 (2d Cir. 1997).

On appeal, a district court reviews the legal conclusions of a bankruptcy court *de novo* and its factual findings for clear error. *See In re Pinnock*, 833 F. App'x 498, 501 (2d Cir. 2020) (engaging in *de novo* review of the district court's review of a bankruptcy court decision noting that the Second Circuit "appl[ies] the same standard of review employed by the district court to the decision of the bankruptcy court" (quoting *Anderson v. Credit One Bank, N.A.* (*In re Anderson*), 884 F.3d 382, 387 (2d Cir. 2018))). A finding of fact is clearly erroneous when, "after reviewing the evidence as a whole, 'the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" *In re Thakur*, 498 B.R. 410, 419 (S.D.N.Y. 2013) (quoting *In re AMR Corp.*, 490 B.R. 470, 475 (S.D.N.Y. 2013)); *accord Glassman v. Feldman*, 19-CV-5002 (MKB), 2020 WL 6119270, at *4 (E.D.N.Y. Oct. 16, 2020). "[T]he Court may affirm on

---

[2] Appellant Russo initially filed a reply, ECF 12, but later filed a corrected reply brief at ECF 14. Thus, the Court will only consider Russo's corrected reply.

any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below." *In re Miller*, 08-CV-4305 (JGK), 08-CV-4306 (JGK), 2009 WL 174902, at *1 (S.D.N.Y. Jan. 26, 2009).

This Court is required to construe pleadings "filed by pro se litigants liberally and 'interpret them to raise the strongest arguments that they suggest.'" *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023); *see also In re Buczek*, 22-1920-BK, 2023 WL 6618901, at *1 (2d Cir. Oct. 11, 2023) (applying the same standard to pro se bankruptcy appeal). A pro se pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Russell v. Karamingos*, 23-CV-8099 (PKC) (LB), 2023 WL 7300613 at *1 (E.D.N.Y. Nov. 6, 2023) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## DISCUSSION

### A.  Appellant Russo's Appeal of the Claim Objection Denial Order

Appellant Russo argues that, in denying his objection to Wilmington's Proof of Claim 2 as a secured creditor, the Bankruptcy Court: (1) erred in allowing supplemental briefing on his objection to the Proof of Claim such that he did not have the "last word" as the moving party, App. Br. at 4-5; (2) conflated factual issues and arguments raised in the context of Well Fargo's Proof of Claim proceedings that were not relevant to Wilmington's Proof of Claim 2, *id.* at 8; (3) denied his objection based on facts from the procedural history section of his brief but failed to address his three specific arguments, *id.* at 8-10; and (4) erred in applying the *Rooker-Feldman* doctrine because he was not contesting the state court judgment, *id.* at 11-12.

Further, Russo reiterates the same arguments he made below before the Bankruptcy Court in his objection to the Proof of Claim 2. First, that the automatic stay in effect in the 2019 Bankruptcy was violated by the servicing transfer of his mortgage loan from Rushmore Servicing to Selene Finance LP ("Selene Finance") in 2019 and the filing of a motion by Wilmington.

Second, that Selene Finance violated the consumer-protection statute Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601–2617 and its implementing regulations, Regulation X, 12 CFR § 1026.41, by failing to provide him with periodic mortgage statements from 2019 to 2022. *Id.* at 6.

The Bankruptcy Code creates a rebuttable presumption that a proof of claim is prima facie evidence of the claim's validity and amount. Under 11 U.S.C. § 501(a), a creditor may file a proof of claim, which serves as a written statement of the creditor's claim against a debtor's bankruptcy estate. 11 U.S.C. § 501(a). Section 502 governs the procedure regarding the allowance or disallowance of a "claim or interest" in a bankruptcy case. In particular, Section 502(a) provides that a properly filed claim or interest is "deemed allowed" as a claim against the assets of the bankruptcy estate unless a party in interest objects. 11 U.S.C. § 502(a). "Once an objection is made, the determination of whether the objection is well founded is a judicial function to be exercised by the bankruptcy court." 4 Collier on Bankruptcy ¶ 502.02 (16th ed. 2025); *see* 11 U.S.C. § 502(b).

Where "a security interest in property of the debtor is claimed," such as a mortgage, a "proof of claim shall be accompanied by evidence that the security interest has been perfected." [3] Fed. R. Bankr. P. 3001(d). When a creditor executes and files a proof of claim "in accordance with" the Rule 3001 that proof claim "shall constitute prima facie evidence of the validity and amount of the claim." To overcome a prima facie proof of claim, an objecting party must present to the Court evidence which, if believed, would "refute at least one of the allegations essential to the claim." *In re Reilly*, 245 B.R. at 773; *see In re Wythe Berry Fee Owner LLC*, 22-11340 (MG), 2023 Bankr. LEXIS 2369, at *5 (Bankr. S.D.N.Y. Sep. 27, 2023). By producing "evidence equal

---

[3] "'[P]erfection' refers to the process by which a secured party puts third parties on notice of its interest." *Sovereign Bank v. Strother*, 11-CV-1228 (LEK), 2013 WL 3243555 at *2, (N.D.N.Y. June 26, 2013).

in force to the prima facie case," an objector can negate a claim's presumptive legal validity, and in turn shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, 12-CV-6074 (RJS), 2013 WL 5549643, at *13 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted); *see also In re Wythe*, 2023 Bankr. LEXIS 2369, at *5. The claimant bears the ultimate burden of establishing a valid claim by a preponderance of the evidence.

1. **Prima Facie Showing of Validity of Proof of Claim 2**

Upon *de novo* review, the Court finds that Wilmington has established prima facie showing of validity of its Proof of Claim 2.

The record in this appeal shows that Russo's mortgage loan originated on February 2, 2004, by the execution of a fixed rate note dated February 2, 2004, between Wells Fargo Mortgage and the Borrowers in the principal amount of $108,000.000. R. 79-81. The mortgage was secured by the 73 Meehan Road property and was perfected and recorded in the Delaware County Clerk's office on February 9, 2004. R. 82-84. Thereafter, the note was properly assigned from Wells Fargo Bank to Wilmington and was recorded in the County Clerk on March 8, 2017. R. 106. *See Provident Bank v. Cmty. Home Mortg. Corp.*, 498 F. Supp. 2d 558, 564 (E.D.N.Y. 2007) ("Under Article 9, there is no doubt that a security interest in a note is perfected by taking possession of the note (citing NYUCC § 9–304(1))); *see In re Conde-Dedonato*, 391 B.R. 247, 252 (Bankr. E.D.N.Y. 2008) ("There is no need for a written assignment from the actual owner of the note and mortgage when it transfers its interests by delivering the actual note and mortgage to the assignee."). "In New York State . . . an assignee can demonstrate standing [to file a proof of claim] by attaching the note and mortgage to a Proof of Claim." *In re Minbatiwalla*, 424 B.R. 104, 109

(Bankr. S.D.N.Y. 2010) (citing N.Y. Real Prop. Law. § 244); *Zaratzian v. Bank of N.Y. Mellon (In re Zaratzian)*, 22-CV-5343 (VB), 2023 U.S. Dist. LEXIS 39147, at *8 (S.D.N.Y. Mar. 8, 2023). Therefore, Wilmington has satisfied its evidentiary burden by filing Proof of Claim 2, with the original note and mortgage attached, along with the written assignment of the mortgage: proof that the Mortgage and assignment were recorded. R. at 75-81; Proof of Claim 2, Claims Register 2-1, *Zaratzian*, 2023 U.S. Dist. LEXIS 39147, at *9. This evidence is sufficient to establish prima facie validity of Wilmington's claim.

### 2. Appellant Russo's Rebuttal

The burden now shifts to Russo to produce evidence equal in probative force to negate prima facie validity or at least challenge one of the allegations essential to the claim. *See Leonard v. HSBC Bank USA, NA*, 20-CV-1518 (LJL), 2021 WL 638201, at *4 (S.D.N.Y. Feb. 16, 2021). First, Appellant Russo's arguments about the propriety of what the Bankruptcy Court did or allegedly did not do are not evidence, and therefore are insufficient to rebut the validity of the Proof of Claim 2.[4] App. Br. at 6. Second, Appellant Russo objects to the Proof of Claim 2 on the bases that the automatic stay in the 2019 Bankruptcy was violated and that Selene Finance failed to provide him with periodic mortgage statements from 2019 through 2022 in violation of

---

[4] For example, Appellant Russo takes issue with the fact that Wilmington had not addressed Russo's arguments for objecting the Proof of Claim and that Wilmington only realized so at the hearing and the Bankruptcy Judge allowed Wilmington to file a sur-reply—which Russo argues gave Wilmington a "do-over" and violated his rights to have the "last word" as the movant. App. Br. at 4-7. Wilmington disagrees with Russo's characterization of the events, stating that Russo's reply was docketed on the day of the hearing and Wilmington could not properly address it at the hearing, and therefore Bankruptcy Judge adjourned the hearing and allowed the parties to file supplemental briefings.

Even accepting Russo's version of the events, courts have broad discretion to direct the filing of, and to consider, sur-replies or supplemental briefing. As to Russo's contention that he did not have the last word on his objection to the Proof of Claim 2, that is simply inaccurate. The Bankruptcy Court allowed Russo to file a response to Wilmington's anticipated sur-reply, which he did; thus, giving Russo a final opportunity to reply. *See* Bkr. ECF 101 (Russo's response to Wilmington's sur-reply, Bkr. ECF 99).

RESPA's implementing regulation 12 C.F.R. § 1026.41. *Id.* The Court addresses these arguments in turn below.

### a) Alleged Violations of Automatic Stay in 2019 Bankruptcy Action

Appellant Russo alleges the automatic stay in the 2019 Bankruptcy Action was violated when (1) the servicing of the loan was transferred from Rushmore Servicing to Selene Finance and (2) Wilmington filed a motion. App. Br. at 6. Without determining whether these actions in fact constituted violations of the automatic stay in the 2019 Bankruptcy, Appellant Russo has not explained how such purported violations in that case—which has been closed since 2020 and in which Russo sought no relief of the purported violation—invalidates Wilmington's proof of claim in this action. Even assuming a stay violation could be imputed into the instant action, it would not constitute grounds to disallow a properly executed and filed proof of claim. Indeed, the usual remedies for an automatic stay violation are "actual damages, including costs and attorneys' fees, and, in appropriate circumstances, [. . .] punitive damages." 11 U.S.C. § 362(k) (providing remedies for willful violation of automatic stay). As Wilmington correctly points out, nothing in 11 U.S.C. § 362(k), the statute governing automatic stay, provides for the disallowance of a proof of claim on the basis that a creditor violated an automatic stay. Opp. Br. at 10. Nor is a violation of an automatic stay one of Section 502(b)'s enumerated grounds for disallowance of a properly filed proof of claim. *See* 11 U.S.C. § 502(b). Other circuit courts squarely rejected similar arguments by debtors. *See In re Innovation Instruments, Inc.*, 228 B.R. 313 (Bankr. N.D. Fla. 1998) ("The [Bankruptcy] Code does not authorize a bankruptcy court to disallow a claim for an alleged violation of automatic stay."); *Matter of Carlson*, 126 F.3d 915, 924 (7th Cir. 1997) ("[T]he

punishment for violating the automatic stay is payment of damages, costs, and fees, not abatement of previously assessed penalties" filed in context of proof of claim).

Further, a bankruptcy stay protects the debtor's interests in the property that is the subject of the proceeding in order to prevent the transfer of such property out of a bankruptcy estate. But it does not prevent a party who holds an interest in the debtor's property, like a loan servicer, from transferring that interest to another party. *See* 11 U.S.C. §§ 362(b)(24), 544, 549. Thus, there was no violation of the automatic stay when Rushmore Servicing transferred its interest to Selene Finance.

### b) Alleged Violations of 12 C.F.R. § 1026.41

Appellant Russo objected to Wilmington's Proof of Claim on the ground that Selene Finance failed to provide him with periodic mortgage statements from 2019 through 2022 in violation of RESPA's implementing regulation 12 C.F.R. § 1026.41. *See* App. Br. While a mortgage servicer is generally required to provide a borrower with a "periodic statement . . . for each billing cycle," 12 C.F.R. § 1026.41(a)(2), a servicer becomes "exempt from the[se] requirements" if "any consumer on the mortgage loan is a debtor in bankruptcy" and a "court enters an order in the bankruptcy case . . . lifting the automatic say pursuant to 11 U.S.C. §362 with regard to the dwelling securing the mortgage loan[.]" 12 C.F.R. § 1026.41(e)(5)(1)(A), (B)(3). Russo filed the 2019 Bankruptcy action on July 18, 2019. Thus, his mortgage loan servicer acted properly in halting periodic statements after July 2019. *See In re Ditech Holding Corp.*, 19-10412 (JLG), 2023 WL 4943734, at *13 (Bankr. S.D.N.Y. Aug. 2, 2023) (mailing of periodic billing statements are attempts to collect debt from a borrower in bankruptcy, which run afoul of the automatic stay). The two periodic statements that Appellant Russo received in September 2019

and September 2022 indicate that Appellant Russo was a debtor in bankruptcy and that the servicer was sending these statements for informational purposes only. Bkr. ECF 62, 62-2, 62-3.

Russo has failed to present evidence in equal probative force refuting at least one of the allegations essential to the claim—*i.e.*, the amount owed, the nature and basis of the claim, the priority of the claim, and whether the claim is fully or partially secured. *See Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). Therefore, this Court affirms the Bankruptcy Court's order denying Appellant Russo's objection to Wilmington's Proof of Claim 2.

**B.      Appellant Russo's Appeal of Stay Relief Order**

With regard to his appeal of the Stay Relief Order lifting the automatic stay, Appellant Russo does not dispute that he did not make any post-petition payments. Rather, Appellant Russo reiterates the same arguments he made to support his objection to Wilmington's Proof of Claim 2 and argues that the Bankruptcy Court failed to hold an evidentiary hearing "to examine the [ ] violations previously raised" in the connection with his objection to Proof of Claim 2. App. Br. at 13. For reasons stated above, *see supra* at 9-11, the Court finds Appellant Russo's arguments in support of his objection to the proof of claim are without merit.

Upon the request of a "party in interest" and after notice and a hearing has been held, Section 362(d) of the Bankruptcy Code permits a court to "grant relief from the stay . . . such as by terminating annulling, modifying, or conditioning such stay . . . for cause." 11 U.S.C. § 362(d). "Cause" may exist when there is a "lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). Modifying a stay for cause is an "exercise of equitable discretion" and "is reviewed for abuse of discretion." *In re Salander-O'Reilly Galleries, LLC*, 475 B.R. 9, 19 (S.D.N.Y. 2012) (citing *New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.)*, 351 F.3d 86, 91 (2d Cir. 2003)); *see also In re AMR Corp.*,

730 F.3d 88, 98 (2d Cir. 2013). A bankruptcy court abuses its discretion when its decision "rest[s] on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding" or when the decision, "though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions*.*" *In re Aquatic Dev. Grp., Inc.*, 352 F.3d 671, 678 (2d Cir. 2003) (brackets omitted).

The district court considers whether cause exists when reviewing a bankruptcy court's grant of relief from an automatic stay. "[T]he term 'for cause' [is] a broad and flexible concept that must be determined on a case-by-case basis." *Osuji v. Deutsche Bank, N.A.,* 589 B.R. 502, 508 (E.D.N.Y. 2018) (quoting *U.S. Bank Tr. Nat'l Assoc. v. Am. Airlines*, *Inc. (In re AMR Corp.),* 485 B.R. 279, 295 (Bankr. S.D.N.Y. 2013)). "Courts in this circuit have ruled that a debtor's failure to make mortgage payments can constitute sufficient cause to modify an automatic stay [] as the debtor can be deemed to 'lack . . . adequate protection of an interest in [the] property.'" *Osuji*, 589 B.R. at 511 (cleaned up) (quoting *Campora v. HSBC Bank USA, N.A. (In re Campora)*, 14-CV-5066 (JFB), 14-CV-7123 (JFB), 2015 WL 5178823, at *5 (E.D.N.Y. Sept. 3, 2015)).

Here, it is undisputed that Appellant Russo has not made any post-petition payments. In fact, Appellant Russo has conceded as much in his appeal brief. *See* App. Br. at 13 (noting that "the Appellant failed to make post-petition payments"); *see id.* at 14 (stating that the Bankruptcy Court "question[ed] the Appellant about post-petition payment, and he truthfully confirm[ed] their non-payment"). As a result, Wilmington's interest in the property is not adequately protected and there exists "sufficient cause to modify an automatic stay." *Osuji*, 589 B.R. at 511. The Court therefore agrees with the Bankruptcy Court that Appellant Russo's failure to make post-petition mortgage payments is sufficient "cause" to modify the automatic stay under Section 362(d)(1) of the Bankruptcy Code.

Further, contrary to Appellant Russo's assertions, according to the docket, the Bankruptcy Court did in fact hold hearings on Appellant Russo's objection to the proof of claims, on May 15 and July 10, 2023. Docket Entry dated May 13, 2023 (hearing held on Bkr. ECF 62 Objection field by Russo); Docket Entry dated July 10, 2023 (same). By the second hearing date, the Bankruptcy Court had before it the parties' original briefings and a second round of supplemental briefing – which is ample evidence upon which to make a decision on the automatic stay. Docket Entry dated July 10, 2023. To the extent that Appellant Russo argues that an evidentiary hearing should have been held with respect to the motion for relief from the automatic stay, he acknowledges in his brief that a hearing was in fact held on January 9, 2024. *See* App. Br. at 13. Moreover, Appellant Russo's contention that the January 9, 2024 hearing was insufficient because in his view it did not address all of his arguments is without merit. "[A] bankruptcy court is not required to hold any hearing – much less a full evidentiary hearing – on a motion for relief from an automatic stay." *Glob. Cable, Inc. v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.)*, 02-CV-9770 (RCC), 2006 U.S. Dist. LEXIS 37112, at *15 (S.D.N.Y. June 6, 2006).[5] Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion in granting Wilmington's Motion for Stay Relief pursuant to Section 362(d)(1).

---

[5] Moreover, "Bankruptcy courts have discretion to not hold an evidentiary hearing, and such a decision is reviewed for abuse of discretion." *Buczek v. KeyBank N.A. (In re Buczek)*, No. 22-2045, 2023 U.S. App. LEXIS 28974, at *7 (2d Cir. Nov. 1, 2023). "A bankruptcy court does not abuse its discretion in declining to hold an evidentiary hearing if it has 'ample evidence' upon which to make its decision." *Id.*

## CONCLUSION

For the foregoing reasons, the Claim Objection Denial Order and Stay Relief Order are both affirmed. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

                                                                                                            */s/*
                                                                         ORELIA E. MERCHANT
                                                                         United States District Judge

Dated: March 12, 2025
       Brooklyn, New York